UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| APRIL MARIE PARENT, o/b/o B.A.K., | **No. 1:14-CV-00519 (MAT)** |
| Plaintiff, | **DECISION AND ORDER** |
| -vs- | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

---

## I. Introduction

Represented by counsel, April Marie Parent ("plaintiff") has brought this action on behalf of her infant daughter ("B.A.K.") pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings. For the reasons discussed below, plaintiff's motion is granted and this matter is reversed and remanded solely for the calculation and payment of benefits.

## II. Procedural History

The record reveals that in June 2011, plaintiff filed an application for SSI benefits on behalf of B.A.K. (d/o/b February 24, 1997), alleging disability as of February 24, 1997. Plaintiff's application was denied, and she requested a hearing, which was held before administrative law judge Donald McDougall

("the ALJ") on January 4, 2013. The ALJ issued an unfavorable decision on February 12, 2013. The Appeals Council denied review of that decision. This timely action followed.

**III. The ALJ's Decision**

At the first step of the three-step sequential evaluation process for children, see 20 C.F.R. § 416.924 *et seq.*, the ALJ found that B.A.K. was an adolescent at the time of the application and decision, who was not engaged in substantial gainful activity. At the second step, the ALJ found that B.A.K. suffered from the severe impairments of Turner's syndrome,[1] hypertension, obesity, and borderline intellectual functioning.

At the third step, the ALJ found that B.A.K. did not suffer from an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that B.A.K. did not meet the criteria of Childhood Listings 100.00 (growth impairment), 109.13 (gonadal dysgenesis, or Turner's syndrome), or 112.02 (organic mental disorders), but did not specifically consider whether B.A.K. met the criteria of Listing 112.05 (intellectual disorders). The ALJ went on to find that B.A.K. had less than marked limitations in the domains of acquiring and using information and health and physical well-being, and no limitations in attending and completing tasks, interacting and

---

[1] Turner's syndrome is a genetic defect in which affected women have only one X chromosome, causing developmental abnormalities and infertility

2

relating with others, moving about and manipulating objects, and caring for herself. Accordingly, the ALJ found that B.A.K. was not disabled.

**IV. Discussion**

To qualify as disabled under the Act, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I). The plaintiff must show that: (1) the child was not engaged in substantial gainful activity; (2) the child had a "severe" impairment or combination of impairments; and (3) the child's impairment(s) met, medically equaled, or functionally equaled the severity of a listed impairment. 20 C.F.R. § 416.924. At the third step, "[f]or a child's impairment to functionally equal a listed impairment, the impairment must 'result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.'" Encarnacion ex rel. George v. Astrue, 586 F.3d 72, 75 (2d Cir. 2009) (quoting 20 C.F.R. § 416 .926a(a)). A child's limitations are evaluated in the context of the following six domains of functioning:

```
(1)   acquiring and using information;
(2)   attending and completing tasks;
(3)   interacting and relating with others;
(4)   moving about and manipulating objects;
(5)   caring for oneself; and
```

3

(6) health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhard, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff's primary argument is that the ALJ erroneously concluded that B.A.K. did not meet the requirements of Listing 112.05D. At the time the ALJ rendered his decision, that listing provided that a child suffered from an intellectual disability where she showed "significantly subaverage general intellectual functioning with deficits in adaptive functioning," and had "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 112.05 (eff. Dec. 3, 2013 to Feb. 25, 2014). The ALJ's decision includes no specific discussion of Listing 12.05D. Based on the facts of this case, and for the reasons laid out below, the ALJ erroneously ignored Listing 12.05D in his discussion of whether B.A.K. met a listing. Moreover, the record persuasively establishes

that B.A.K. met this listing and is therefore presumptively disabled.

The record reveals that, at age 14, B.A.K. had a nonverbal IQ score of 69, which was measured on April 4, 2011 by a Stanford-Binet Intelligence Scale administered by B.A.K.'s school psychologist. Plaintiff argues that this IQ score was a "performance" score sufficient to meet the listing. The Commissioner argues that this score should not be considered as a "performance" score pursuant to the regulations.

The Commissioner's argument is unpersuasive. The Stanford-Binet results did not reference a "performance" score, but rather listed a "nonverbal" score. Case law has recognized that a performance IQ score "measures [an individual's] ability to solve nonverbal problems," see Weast v. Comm'r of Soc. Sec., 2013 WL 4017030, *8 (E.D.N.Y. Aug. 6, 2013), and the terms "performance" and "nonverbal" are often used interchangeably. See, e.g., Rowland v. Astrue, 2011 WL 4738326, *4 (E.D. Cal. Oct. 5, 2011) (noting "discrepancy between [plaintiff's] verbal IQ (106) and his performance (nonverbal) IQ (83)"); Bybee v. Astrue, 2011 WL 1401700, *6 (W.D. Ky. Mar. 29, 2011), report and recommendation adopted, 2011 WL 1399551 (W.D. Ky. Apr. 13, 2011) (noting "Performance (nonverbal) IQ of 70 to 81"); United States v. Rothman, 2009 WL 426282, *11 (S.D. Fla. Feb. 19, 2009) (noting Reynolds intelligence test scores including a "Verbal Index of 104

5

and a Non-Verbal (performance) Index of 77, with a full scale index of 92").

Moreover, the Social Security Administration's Program Operations Manual System ("POMS") provides that under Listing 112.00, "[i]ntellectual abilities can generally be assigned to either of two broad categories: verbal and *nonverbal (performance)*." POMS § DI 24515.055B ("Evaluation of Specific Issues Psychological/Psychometric Testing, Verbal and Nonverbal Measures of Intelligence") (emphasis added). Pursuant to Second Circuit precedent, "POMS guidelines are entitled to 'substantial deference, and will not be disturbed as long as they are reasonable and consistent with the statute.'" Lopes v. Dep't of Soc. Servs., 696 F.3d 180, 186 (2d Cir. 2012).

It is therefore clear to the Court that B.A.K.'s nonverbal score equated to a "performance" score within the meaning of Listing 12.05D. "When there are multiple IQ tests, the lowest IQ score should be used unless there is some indication that the score is invalid." Kennerson v. Astrue, 2012 WL 3204055, *8 (W.D.N.Y. Aug. 3, 2012). The Commissioner does not argue that the April 4, 2011 test was invalid, other than to contend, as discussed above, that the nonverbal score could not be substituted for a performance score. There is no indication from the record that the score was invalid. Moreover, the record indicates that the score was current pursuant to the applicable regulation, which provided that "IQ test results obtained between ages 7 and 16," as this one was, "should

6

be considered current . . . for 2 years when the IQ is 40 or above." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (eff. Dec. 3, 2013 to Feb. 25, 2014). Accordingly, the Court accepts plaintiff's argument that B.A.K. had a valid performance score of 69 during the relevant time period.

Pursuant to Listing 112.05D, plaintiff must also establish that B.A.K. had "significantly subaverage general intellectual functioning with deficits in adaptive functioning," and "a physical or other mental impairment imposing an additional and significant limitation of function." As to the first requirement, "[c]ourts have found circumstantial evidence, such as the following, sufficient to infer deficits in adaptive functioning prior to age 22: evidence a claimant attended special education classes; dropped out of school before graduation; or had difficulties in reading, writing, or math." Edwards v. Astrue, 2010 WL 3701776, *3 (N.D.N.Y. Sept. 16, 2010) (citing, *inter alia*, MacMillan v. Astrue, 2009 WL 4807311, *6 (N.D.N.Y. 2009)). Here, B.A.K. attended special education classes, where she had an individualized education program ("IEP"); thus, plaintiff has established that B.A.K. had the required deficits in adaptive functioning.

As to the final requirement, the regulations explicitly provide that "[f]or listings 112.05D and 112.05F, [the Commissioner] will assess the degree of functional limitation the additional impairment(s) imposes to determine if it causes more than minimal functional limitations, *i.e., is a "severe"*

7

*impairment(s), as defined in § 416.924(c)."* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 112.00(A) (emphasis added). The ALJ's findings that B.A.K. suffered from several severe impairments, including Turner's syndrome, hypertension, and obesity, amounted to a *per se* finding that plaintiff satisfied the final prong of Listing 112.05D. Consequently, B.A.K.'s impairments rendered her presumptively disabled under Listing 112.05D, contrary to the ALJ's finding.

The Court notes that the standard for directing a remand for calculation of benefits is met when the record persuasively demonstrates the claimant's disability, see Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980), and where there is no reason to conclude that the additional evidence might support the Commissioner's claim that the claimant is not disabled, see Butts v. Barnhart, 388 F.3d 377, 385–86 (2d Cir. 2004). For the reasons stated above, that standard is met in this case. Additionally, the Second Circuit "has recognized delay as a factor militating against a remand for further proceedings where the record contains substantial evidence of disability." McClain v. Barnhart, 299 F. Supp. 2d 309, 310 (S.D.N.Y. 2004) (citations omitted). Reversal for calculation of benefits is particularly appropriate in this case because plaintiff's benefits claim has been pending for approximately six years. Considering the delay plaintiff and B.A.K. have already experienced, and the convincing evidence of disability

in this case, the Court remands this case solely for the calculation and payment of benefits.

## V. Conclusion

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 14) is denied and plaintiff's motion (Doc. 9) is granted. This matter is reversed and remanded solely for the calculation and payment of benefits. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          **S/Michael A. Telesca**
                                          HON. MICHAEL A. TELESCA
                                          United States District Judge

Dated:    June 8, 2017
            Rochester, New York.